ARMADA STATE BANK *v.* UNION GUARDIAN TRUST CO.

1. MORTGAGES—DEFAULT—SINKING FUND—PREFERENCE.

Where mortgagor in trust mortgage agreed to create sinking fund to retire bonds as they matured, and when bonds amounting to $6,000 matured and only $3,067.05 was in sinking fund, holder of $2,000 of said bonds was entitled to proportionate share thereof, although mortgage is now in default, and result will be to give preference to holders of said bonds.

2. SAME—NOTICE OF PREFERENCE.

Where trust mortgage provided for payment of bonds out of sinking fund to be created for said purpose, in order of their maturing, purchasers of all of said bonds are chargeable with notice of preference thus provided for in mortgage.

3. SAME—INTERVENTION.

Where holders of bonds maturing are entitled to sinking fund created for payment thereof, holder of part of said bonds, who was not party to suit for distribution of said fund, is permitted, by order of Supreme Court, to intervene and receive proportionate share of said fund.

Appeal from Wayne; Chenot (James E.), J.  Submitted January 5, 1933.  (Docket No. 33, Calendar No. 36,924.)  Decided March 2, 1933.

Bill by Armada State Bank against Union Guardian Trust Company, a Michigan corporation, to compel *pro rata* distribution of a certain trust mortgage sinking fund.  Decree for plaintiff.  Defendant appeals.  William T. Hatch, receiver of First National Bank of Dearborn, permitted to intervene in Supreme Court as party plaintiff.  Affirmed, decree for intervener.

*George H. Heideman,* for plaintiff.

*McLeod, Fixel, Abbott & Fixel,* for intervener.

*Bulkley, Ledyard, Dickinson & Wright (Edward C. P. Davis* and *Glenn D. Curtis,* of counsel), for defendant.

SHARPE, J. The facts are stipulated. The defendant is trustee under a trust mortgage, dated August 1, 1927, given to secure an issue of first mortgage bonds, in the sum of $100,000. In it the mortgagor covenanted and agreed to deposit with the trustee semi-annually a sum sufficient to pay the interest on the bonds and the Federal income tax thereon, and—

"to deposit with the trustee on the 15th day of August, 1929, and on the 15th day of each and every calendar month thereafter, up to and including July 15, 1936, an amount equivalent to one-twelfth of the principal falling due the next succeeding principal payment date."

It was also said therein:

"The intent hereof is that 15 days before said respective interest, principal, and tax payments, said sinking funds deposited shall be sufficient to meet the respective interest, principal, and tax requirements in full, when due, with the exception of the principal requirement due August 1, 1937."

Bonds amounting to $6,000 matured on August 1, 1931. All interest thereon was paid. The plaintiff is the owner of three of these bonds, amounting to $2,000. There was at that time in the sinking fund created by the above provision the sum of $3,067.05. It demanded payment of its *pro rata* share of this amount from the trustee, and, on its refusal to do so, filed the bill of complaint herein to enforce such

payment, and had decree therefor, from which the defendant has taken this appeal.

In our opinion, but one construction can be placed upon the provisions in the mortgage above quoted. The mortgagor agreed to pay to the trustee, in annual instalments, a sufficient portion of the mortgage debt to retire the bonds which matured on August 1, 1931. Had he done so and had the $6,000 then been in the sinking fund in the hands of the trustee, the holders of these bonds would have been entitled to payment in full. The mortgagor did not fully comply with his agreement in this respect, but he did pay to the trustee the sum of $3,067.05 as part payment thereof, and this money was received by the trustee and placed in the sinking fund for that purpose. Clearly, the plaintiff is entitled to its *pro rata* share thereof.

The defendant urges that it will be inequitable to permit the holders of bonds which first matured to receive the money now in the sinking fund, when it appears that the mortgage is in default, and thus give a preference to one bond over another. All of the bonds were issued pursuant to the terms of the mortgage, and purchasers are chargeable with notice of the rights of those first maturing to the moneys paid into the sinking fund for their retirement. A preference was thus provided for in the instrument itself, and a court can but enforce it as written.

A similar question was presented to the district court of the southern district of New York in *Equitable Trust Co.* v. *Green Star Steamship Corp.,* 291 Fed. 650. In an exhaustive opinion Judge Hand discussed the question and arrived at the conclusion we have stated.

By an order entered in this court, William T. Hatch, receiver of the First National Bank of Dear-

born, a National banking corporation, was permitted to intervene. He is the holder as such receiver of certain of the bonds which matured on August 1, 1931, and is entitled to the same *pro rata* share of the sinking fund as is the plaintiff.

The decree of the trial court is affirmed as to the plaintiff, and a provision may be here added relative to the rights of the intervener as above stated. No costs will be allowed.

McDONALD, C. J., and CLARK, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.